584 F.2d 70
 18 Fair Empl.Prac.Cas. 857, 18 Empl. Prac.
Dec. P 8678
Louis T. CAMPER, Individually and on behalf of all persons
similarly situated, Plaintiff-Appellant,
v.
CALUMET PETROCHEMICALS, INC., Defendant-Appellee.
 No. 77-1333
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Nov. 15, 1978.
 Firnist J. Alexander, Jr., Jackson, Miss., for plaintiff-appellant.
 William R. D'Armond, Baton Rouge, La., for defendant-appellee.
 Harry J. Fair, Jr., pro se.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before RONEY, GEE and FAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Louis Camper appeals the lower court's dismissal of his class action brought on behalf of past and present black employees of Calumet Petrochemicals, Inc. (Calumet) and all present and future black applicants for such employment. Subsequent to the denial of class certification, plaintiff lost his individual racial discrimination claim on the merits and also appeals that adverse decision. We delayed this appeal pending a decision of this court in Satterwhite v. City of Greenville, 578 F.2d 987 (5th Cir. 1978) (en banc). On the basis of that decision we affirm.
 
 
 2
 Plaintiff Camper was hired by Calumet during a period of economic hardship for that company and was placed in its Maintenance Department. Some months later Camper was laid off and was not offered reemployment even though several new employees were hired subsequent to his termination. Camper then filed this action alleging racial discrimination in hiring and treatment of employees and in the discharge policy of the company. The lower court found that the layoff and subsequent failure to rehire were not racially motivated; rather the court found economic business necessity and the marginal work record of Camper combined to end his employment with Calumet. The court's findings of fact on plaintiff's individual claim are not clearly erroneous and the finding of no racial discrimination is amply supported by the record. See Causey v. Ford Motor Co., 516 F.2d 416, 420-21 (5th Cir. 1975). We will not disturb those findings.
 
 
 3
 Plaintiff's class action suit was dismissed below on the pleadings; an evidentiary hearing was neither requested by plaintiff nor conducted by the court. Camper contends that even if this court affirms the adverse decision below on his individual discrimination claim, this should not bar his representation of a class of discriminatees. He argues that the lower court erred in denying certification and that we should remand for a consideration of the class action issues. Satterwhite v. City of Greenville, supra, refutes these contentions.
 
 
 4
 Even assuming, Arguendo, that certification was erroneously denied here, plaintiff is not entitled to a remand. Remand would be futile and mere "academic error correcting" if plaintiff is not an appropriate class representative; defendant would simply move to decertify. Id. at 993. In Satterwhite, as here, the district court denied certification without a hearing and the named plaintiff subsequently lost her discrimination suit on the merits. There we emphasized that the named plaintiff in a class action "must be part of the same class and 'possess the same interest and suffer the same injury' as the class members." Id. at 992, Quoting East Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 403, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). It is this lack of nexus with the class, fatal in Satterwhite, that is determinative in our holding that Camper is not a proper class representative.[1]
 
 
 5
 Camper is not a member of the class of discriminatees he seeks to represent. He has failed to prove that he suffered any injury, either as a member of the class or as an individual. He is no longer an employee of Calumet and is not subject to the alleged discriminatory practices; he is a past employee but this court has affirmed that his discharge was not discriminatory. Thus, he is not eligible to represent class members who allegedly were injured by racial discrimination. See East Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). It is true that lack of merit of the representative's claim will not determine in and of itself that the plaintiff cannot adequately represent the class. Huff v. N. D. Cass Co. of Alabama, 485 F.2d 710 (5th Cir. 1973) (en banc). However, Satterwhite established that an adjudicated lack of merit of the individual claim is a proper factor in determining whether a continuing nexus within the class exists. Satterwhite v. City of Greenville, 578 F.2d at 991.
 
 
 6
 An additional factor that bears on Camper's adequacy as a representative is his failure to seek an evidentiary hearing, either by a timely motion for a hearing or by a motion to reconsider. Thus, we can say here, as we did in Satterwhite, that plaintiff shares responsibility for any error in the failure to certify. Id. at 995 n. 10. We must again emphasize that if there is any doubt as to the propriety of a class action, a preliminary evidentiary hearing on maintainability is essential. Attorneys have a duty to press for such a hearing if the court does not order it on its own motion. The situation presented here and in Satterwhite can be avoided simply by holding the necessary hearing. See id. at 998 and n. 16.
 
 
 7
 We must add a cautionary note to employers: we do not hold that the class action device is no longer a viable tool for employees who have been terminated for impermissible reasons. Nor do we hold that in every instance the subsequent loss on the merits of the individual claim of the representative plaintiff will foreclose the class action. We hold only that a plaintiff representative who has lost on the merits of his individual claim must have a continuing nexus with the class to be able to represent a previously uncertified class.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 There is no question of prejudice to the putative class here. The class is uncertified and does not have a "legal status separate from" the interest of the named plaintiff. See Franks v. Bowman Trans. Co., Inc., 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975)