**Janie RAMAGE, Plaintiff,**

v.

**Johnny SHELL, as County Supervisor for the Attala County Farmers Home Administration and on behalf of all others similarly situated, Robert Bergland, as Secretary of Agriculture, and Mark Hazard, as State Director of the Farmers Home Administration, Defendants.**

No. EC 79–256–S.

United States District Court, N. D. Mississippi, E. D.

April 30, 1980.

Dennis L. Horn, Hazlehurst, Miss., for plaintiff.

John R. Hailman, Asst. U. S. Atty., N. D. Mississippi, Oxford, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court upon the defendants' motion to dismiss, the plaintiff's motion for class certification, and the plaintiff's motion for reconsideration of protective order and for setting an evidentiary hearing on class certification. Plaintiff contends that certain officials of the Farmers Home Administration have denied her due process of law in not providing her with written notice of the disposition of her loan application. She seeks to represent a class of "all persons in the State of Mississippi who have or will in the future either apply for assistance from the FHA or have the amount of assistance they received reduced or terminated." Plaintiff also seeks to have the court certify a class of defendants composed of all county supervisors of the Farmers Home Administration in the State of Mississippi.

The facts of this case, as revealed in the pleadings and briefs filed with the court, indicate that the plaintiff filed an application for a housing loan with the Attala County, FHA, on May 10, 1979. On May 28, 1979, she entered into an option to purchase real property, which states that the plaintiff's efforts to secure a loan are part of the consideration for the option. Plaintiff contends that this option expired without the receipt by her of written notice that her application had been acted upon. Defendants deny that plaintiff's application has ever been rejected, and they contend that she has now received both written and oral notice of her eligibility for a loan, such that her claims are moot.

Defendants have filed a motion to dismiss, and have supported that motion with numerous affidavits. At a hearing which was held in this action on December 20, 1979, the plaintiff was given 10 days within which to submit opposing affidavits. These affidavits have been submitted, and the court has, by its order of March 6, 1980, elected to treat the defendants' motion as one for summary judgment. See Rule 12(b), Fed.R.Civ.P.

The affidavits submitted by the defendants indicate that the plaintiff applied for an FHA loan on April 16, 1979, and that after the application was completed, she was notified of her eligibility for a loan on May 10, 1979. She was also notified of certain actions which she needed to take, such as plans to dispose of her old house, before the loan would be approved. The plaintiff was informed of her eligibility by telephone and was also informed that she and her husband would need to sign a deed of trust on the new house. The plaintiff informed the Attala County supervisor on September 6, 1979, that her husband refused to sign the deed of trust. On September 11, 1979, the defendants informed the plaintiff that they had received notice of a final divorce decree, which meant that the plaintiff could sign the deed of trust herself. The affidavits indicate, however, that the plaintiff had not yet made arrangements for repairs to be made on her old house; this was a prerequisite to obtaining a loan.

Defendants maintain that they have always kept the plaintiff's application open, and that they remain willing to approve a loan for her.

Plaintiff's counteraffidavits contend that the oral notice of eligibility, rather than the written notice required by defendants' regulations, deprived her of the opportunity to appeal from the "conditions" imposed by the defendants upon her eligibility. Plaintiff admits that she was never told that she was ineligible, but she takes issue with the conditions placed upon her which, if she did not meet, would prohibit her from obtaining the loan.

The record in this case also reveals that before this action was filed, the plaintiff's husband obtained a final divorce from her on July 31, 1979; this event removed one of the so-called conditions of eligibility. The record has also been supplemented by the defendant with a copy of the final decree in the Chancery Court of Attala County, Mississippi, concerning the partition sale of the plaintiff's house. This partition has removed the other condition of eligibility.

■ The court concludes on the basis of the affidavits and exhibits which are a part of the record herein, that there is no genuine issue of material fact. Plaintiff has been given the opportunity to supplement the record with further affidavits. She has had adequate notice that the defendants' motion to dismiss is to be treated as one for summary judgment. *See Hickey v. Arkla Industries, Inc.,* 615 F.2d 239, 240 (5th Cir. 1980). She has chosen to rely upon the existing record. That record shows clearly that the plaintiff has suffered no injury about which she can complain. Her application was not rejected, nor was her eligibility denied, cancelled, terminated, or revoked. Instead, she was informed that she *was* eligible. By her own admission, she has not suffered any injury of the type which she alleges in her complaint. The defendants are, therefore, entitled to a judgment as a matter of law.

■ As for the plaintiff's motions for class certification and for an evidentiary hearing on the class issue, the court must once again look to the pleadings. Plaintiff seeks to represent a class of all persons in Mississippi who have applied or in the future will apply for assistance from the FHA or who will have the amount of their assistance reduced or terminated. Plaintiff certainly falls within the first portion of that class, but the fact that she has simply applied for assistance, without more, presents no cognizable injury. As for the second portion of the class, plaintiff cannot be a member, for she has not had any assistance either reduced or terminated.

Plaintiff asks that this court follow the procedure established by the Court of Appeals for the Fifth Circuit in *Jones v. Diamond,* 519 F.2d 1090, 1098–99 (5th Cir. 1975). In that case, the court held that the trial court should be careful not to reject the class certification issue too hastily, and that certain factors might dictate the necessity of a preliminary evidentiary hearing. The court also held that the termination of the class representative's claim did not moot the claims of all other potential class members. The plaintiff in this case contends that the same principle is true here, such that even if her claim is dismissed, the class action should be allowed to proceed.

The situation which the court faces in this action, however, is not analogous to that in *Jones,* for in this case the plaintiff had no cause of action at the outset of the litigation. The court is of the opinion that the plaintiff has failed to meet one of the preliminary requirements for class certification: she must be of the same class, possess the same interest, and suffer the same injury as the class members. *See East Texas Motor Freight System, Inc. v. Rodriquez,* 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453, 462 (1977); *Satterwhite v. City of Greenville,* 578 F.2d 987, 992 (5th Cir. 1978). It should be obvious that where the plaintiff has not proven any injury to herself, the absence of such injury is fatal to her attempt to represent a class. In *Camper v. Calumet Petrochemicals, Inc.,* 584 F.2d 70 (5th Cir. 1978), the court was faced with an analogous situation. The trial court had concluded that the plaintiff failed to state a cause of action for employment discrimination, and had entered judgment against the

plaintiff. The court also dismissed the class action on the pleadings. On appeal, the Fifth Circuit held that the class action was properly dismissed, since the plaintiff was not a proper representative. While the court reaffirmed the principle that one whose individual claim is dismissed might still represent a class under certain circumstances, it also stated that the "lack of merit of the individual claim is a proper factor in determining whether a continuing nexus with the class exists." 584 F.2d at 72.

The court is of the opinion that the plaintiff has no "continuing nexus" with the putative class in this action, for the record is clear that the plaintiff has suffered no injury, and has had no benefits reduced or terminated. The putative class has no status separate from the plaintiff's interests, and the plaintiff has no interest which has been damaged. The court will enter an order sustaining the defendants' motion for summary judgment, and denying the plaintiff's motion for class certification and for an evidentiary hearing on class certification. In addition, the clerk of the court will be instructed to enter a final judgment in favor of the defendants, with the costs of the action to be taxed against the plaintiff.