**David L. SHEPARD, Jr., et al., Plaintiffs-Appellants,**

v.

**BEAIRD–POULAN, INC., Defendant-Appellee.**

No. 76–4229.

United States Court of Appeals, Fifth Circuit.

May 14, 1980.

Frank E. Brown, Jr., Shreveport, La., for plaintiffs-appellants.

Walter W. Christy, New Orleans, La., for defendant-appellee.

Before THORNBERRY, GEE and HATCHETT, Circuit Judges.

THORNBERRY, Circuit Judge:

In this suit alleging racial discrimination under Title VII, 42 U.S.C. § 2000e–1 to 17 (1976), we must decide whether the district judge properly found that the appellee company did not discriminate against the appel-

lant because of his race, and whether the case must be remanded because the judge denied appellant's request for class certification. Because the judge properly found that the appellee company did not unlawfully discriminate against the appellant, and because the appellant does not have a sufficient nexus with his proposed class to allow appellate review of the judge's ruling on class certification, we affirm the decision in the court below.

## I. Facts.

Appellant Shepard began work as a utility man at Beaird-Poulan in September, 1973. The company gave him several raises in pay, and promoted him to machine operator in June, 1974. In the months after his promotion, Shepard's supervisors counseled and warned him about his excessive tardiness and absences. Despite a verbal warning by a supervisor on September 30, 1974, Shepard was tardy nine times and absent twice within the next sixteen days. After a meeting between Shepard and his supervisors on October 15, the company terminated his employment.

Shepard and another discharged employee filed suit in May, 1975, on behalf of themselves and a class of all other black present and former employees and applicants who suffered racial discrimination by the company because they were wrongfully terminated, mistreated, or denied jobs or promotions. Shepard specifically alleged that he had been harassed by his supervisor because of his race, and that he had been fired in retaliation for filing racial discrimination complaints with the EEOC on April 29 and July 22, 1974. Two other discharged employees intervened individually later in the suit.

On April 30, 1976, the parties' counsel conferred in chambers with the district judge about problems with discovery and interrogatories. On June 16 the judge issued a memorandum order denying plaintiffs' proposed class certification. The memorandum recited that at the April 30 status conference the judge told plaintiffs' counsel to submit within thirty days a sta-tistical analysis of the company's work force to show evidence of racial discrimination. The memorandum said that because plaintiffs' counsel had not filed the statistical analysis, the motion for class certification was denied. The plaintiffs did not request an evidentiary hearing about class certification.

After a four-day trial on the plaintiffs' individual claims, the judge found for the company on all counts. Only Shepard appeals from the judgment.

## II. Factual Findings.

Shepard asserts that the judge erred when he found that the company fired him solely because of his tardiness, absences, and attitude, and not because of his race. In a Title VII suit,

the plaintiff must present a prima facie case of racial discrimination; the employer then has the burden of proving, by a preponderance of the evidence, that legitimate, nondiscriminatory reasons existed to support his action; and the plaintiff then has the burden of proving by a preponderance that the employer's articulated reason was a pretext for discrimination.

*Turner v. Texas Instruments, Inc.*, 555 F.2d 1251, 1256 (5th Cir. 1977). On appeal, the judge's ultimate finding of discrimination requires independent review, but the findings of subsidiary facts that support the ultimate finding must be upheld unless they are clearly erroneous. *Causey v. Ford Motor Co.*, 516 F.2d 416, 421 (5th Cir. 1975).

The judge's findings of subsidiary facts which support his ultimate finding that the company did not engage in racial discrimination are not clearly erroneous. Employees and supervisors, both blacks and whites, testified that the company treated Shepard in the same manner that they treated other employees, whether black or white. A black supervisor and a white supervisor, both of whom counseled Shepard about his tardiness and absences, testified that Shepard was not interested in improving his behavior. Both black and white supervisors recommended that Shepard be

terminated. The evidence showed that the company routinely terminated white employees for similar tardiness and absences. Most of the evidence tending to show that Shepard suffered racial discrimination came from Shepard's own testimony. In light of the evidence in the record, we affirm the judge's finding that the company did not unlawfully discriminate against Shepard because of his race.

### III. Denial of Class Certification.

Shepard contends that the judge erred because he denied Shepard's motion for class certification without first holding an evidentiary hearing. The judge's memorandum order denying class certification recites that Shepard's motion was denied because his counsel failed to file a statistical summary within the time limit set by the judge at the status conference on April 30. In the findings of fact and conclusions of law, the judge further explains that he denied class certification because

> [w]e find as a fact that plaintiffs and their counsel would not be adequate class representatives since, prior to denial of class certification, they failed diligently to prosecute this action, failed to comply with the orders of the Court concerning discovery and submission of evidence on the question of class certification and failed to demonstrate that they would or could fairly and adequately represent the interests of the class.

Supp.App. at 521. Shepard did not request an evidentiary hearing on these issues at any time.

The judge erred when he denied class certification without first holding an evidentiary hearing. In *Guerine v. J & W Investment, Inc.*, 544 F.2d 863, 865 (5th Cir. 1979) (per curiam), we held that a trial judge must hold an evidentiary hearing before revoking class certification on grounds that the plaintiff would not adequately represent the class's interests. In *Guerine*, the judge had revoked certification without an evidentiary hearing even after plaintiff had changed counsel and offered factual justification for the previous counsel's delays and omissions. Shepard does not offer such a compelling justification for his conduct during this litigation, although he does contend that at the April 30 status conference the judge never mentioned a deadline for filing the statistical summary. In any event, the judge should have conducted an evidentiary hearing to establish whether Shepard could satisfactorily justify any delays or omissions.

Even though we agree with appellant Shepard that the judge should have held a hearing, we cannot remand this case on the class certification issue because we are constrained by *Satterwhite v. City of Greenville*, 578 F.2d 987 (5th Cir. 1978) (en banc), *petition for cert. filed*, 47 U.S.L.W. 3465 (U.S. Dec. 28, 1978) (No. 78–1008), and its Fifth Circuit progeny. In *Satterwhite*, the plaintiff alleged that solely because of her sex the city rejected her application to become city airport manager. She sued individually and on behalf of the class of all present and prospective female employees who suffered sex discrimination by the city. The judge denied class certification without a hearing. After trial on plaintiff's individual claim, the judge awarded judgment for the city. On appeal we held that, even though the judge should have conducted an evidentiary hearing, we must affirm the order denying class certification. Because she lost her individual claim on the merits, the plaintiff demonstrated that she had suffered no legally cognizable injury in·common with her proposed class; she also demonstrated no sufficient nexus with her proposed class to represent it in litigation.

The majority opinion in *Satterwhite* acknowledged that some plaintiffs might be able to demonstrate a sufficient nexus with their proposed class even after they lost their individual claims on the merits. 578 F.2d at 992. Subsequent Fifth Circuit cases, however, have held that plaintiffs in situations substantially similar to Shepard's lost their nexus with their proposed class when they lost their individual claim on the merits. For example, in *Camper v. Calumet Petrochemicals, Inc.*, 584 F.2d 70 (5th

Cir. 1978) (per curiam), the plaintiff alleged that solely because of his race the defendant laid him off from his job, then refused to rehire him. Like Shepard, he sued under Title VII on behalf of himself and a class of all past and present black employees and all present and future black applicants who suffered racial discrimination by the defendant. The judge denied class certification without an evidentiary hearing. Like Shepard, the plaintiff did not move for an evidentiary hearing or for a motion to reconsider. As in Shepard's case, the judge ultimately awarded judgment to the defendant on the merits of the plaintiff's individual claim. Even assuming that class certification had been erroneously denied, we refuse to remand *Camper* on the class certification issue because, like Shepard,

> Camper is not a member of the class of discriminatees he seeks to represent. He has failed to prove that he suffered any injury, either as a member of the class or as an individual. He is no longer an employee of Calumet and is not subject to the alleged discriminatory practices; he is a past employee but this court has affirmed that his discharge was not discriminatory. Thus, he is not eligible to represent class members who allegedly were injured by racial discrimination. *See East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). It is true that lack of merit of the representative's claim will not determine in and of itself that the plaintiff cannot adequately represent the class. *Huff v. N. D. Cass Co. of Alabama*, 485 F.2d 710 (5th Cir. 1973) (en banc). However, *Satterwhite* established that an adjudicated lack of merit of the individual claim is a proper factor in determining whether a continuing nexus within the class exists. *Satterwhite v. City of Greenville*, 578 F.2d at 991.

> An additional factor that bears on Camper's adequacy as a representative is his failure to seek an evidentiary hearing, either by a timely motion for a hearing or by a motion to reconsider. Thus, we can say here, as we did in *Satterwhite*, that plaintiff shares responsibility for any er-

ror in the failure to certify. *Id.* at 995 n. 10.

584 F.2d at 71–72.

In *Armour v. City of Anniston*, 597 F.2d 46 (5th Cir. 1979), the plaintiff alleged that solely because of her race her employer discharged her from her job. She filed a Title VII claim on behalf of herself and a proposed class of all former and present black employees and applicants who suffered racial discrimination by the employer. The judge held a hearing and refused to certify the class. After a trial on plaintiff's individual claim, the judge issued judgment for the employer. On appeal we held that, even if the judge's decision about class certification after the hearing was incorrect, we could not remand the class certification issue: "Having suffered no discrimination at the hands of the defendants, Mrs. Armour is prevented by Rule 23 from representing this class." 597 F.2d at 50.

Like the plaintiffs in *Camper* and *Armour*, Shepard suffered no racial discrimination by the defendant in common with his proposed class. Because Shepard's case cannot be meaningfully distinguished from *Camper* and *Armour*, and because those cases constitute binding authority for our decision today, we hold that Shepard has no sufficient nexus with his proposed class to represent them in this litigation. For this reason, we affirm the decision in the court below.

AFFIRMED.

HATCHETT, Circuit Judge, dissenting.

I respectfully dissent for two reasons. The majority opinion misinterprets *Satterwhite v. City of Greenville*, 578 F.2d 987 (5th Cir. 1979) (en banc), and the majority opinion does not grant Shepard an evidentiary hearing.

Satterwhite's progeny, *Camper v. Calumet Petrochemicals, Inc.*, 584 F.2d 70 (5th Cir. 1978), *Armour v. City of Anniston*, 597 F.2d 46 (5th Cir. 1979), and now the majority here, misstate its holding. *Satterwhite*, following the lead of *Huff v. N.D. Cass Co. of Alabama*, 485 F.2d 710 (5th Cir. 1973) (en

banc), clearly establishes that lack of merit on an individual claim is not of itself determinative on the question of nexus. Each subsequent decision, however, disregards this clear expression and equates loss of an individual claim with lack of sufficient nexus. The dissent in *Armour* points out the danger in basing nexus questions on the merits of individual claims.

The majority refuses to remand for an evidentiary hearing. Yet, the majority holds that the trial court committed error when it denied class certification without first holding an evidentiary hearing. Thus, the majority recognizes that the record is incomplete concerning the denial of class certification, but nevertheless rules on the issue. The majority opinion should have ended with the holding on the need for an evidentiary hearing.

Shepard also merits an evidentiary hearing based solely on whether he could justify his failure to submit a statistical analysis. The confusion concerning the 30th of April order places in doubt the propriety of the trial court denying class certification for this reason. The majority opinion agrees, but refuses to remand on the basis of *Camper* and *Armour*. Rather, the majority looks at a record that the class representative was not allowed to perfect, and holds that he should have perfected it.

This opinion brings to reality Judge Rubin's short shrift procedure hypothesis, outlined in *Armour*, describing how trial courts may deal with class actions with summary dispatch by severing the representative's personal claims, trying them, and if found meritless, not dealing with the complicated class action. Appellate courts invariably will then hold no nexus.

We should chart a different course.