Johnny B. McGOWAN, et al.,
Plaintiffs-Appellants,

v.

FAULKNER CONCRETE PIPE COMPA-
NY, Defendant-Appellee.

No. 81–4001 Summary Calendar.

United States Court of Appeals,
Fifth Circuit.*
Unit A

Oct. 15, 1981.

* Former Fifth Circuit case, Section 9(1) of Public
Law 96–452—October 14, 1980.

Firnist J. Alexander, Jr., Jackson, Miss., for plaintiffs-appellants.

Christopher A. Shapley, Jackson, Miss., for defendant-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiffs appeal the dismissal of their suit for failure to follow orders of the court and want of prosecution, Fed.R.Civ.P. 41(b), and also complain of the denial of class certification. They sue their former employer ("Faulkner") on their own behalf and on behalf of past, present, and future black employees, alleging racially discriminatory employment practices. The relief sought is based both on section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 (the "section 1981" claim) and also on Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. (the "Title VII" claim). We affirm the denial of certification, reverse the order of dismissal, and remand the action to the district court.

*The Context Facts*

The suit was filed on November 8, 1978.

As a result of the plaintiffs' discovery motion of December, 1978, the defendant Faulkner was eventually ordered on July 16, 1979, to produce certain documents for inspection and copying by the plaintiffs. By agreement between the parties, the documents designated by the plaintiffs' counsel were sent to a commercial copier and copied at a cost to Faulkner of $421.62. When the documents were made available to the plaintiffs' counsel conditioned upon his reimbursement of the copying cost, counsel failed to pay the cost, and the documents were never tendered to the plaintiffs. The plaintiffs' delinquency in this regard was one specific basis for the magistrate's recommended dismissal of the suit for nonprosecution. The other specific bases had to do with the dilatory or delinquent compliance by the plaintiffs' counsel with pretrial orders.

Two pretrial conferences were held. The first was held on May 14, 1980. At this time the parties were ordered to file a pretrial order by 5:00 p. m. the same day and to prenumber and exchange exhibits within seven days. The pretrial order was filed on May 20, 1980, six days late. No exhibits were exchanged.

The second pretrial conference was held on August 1, 1980. Proposed findings of fact and conclusions of law were to be filed August 20, 1980 and exhibits prenumbered and exchanged within thirty days. Trial was set for October 2, 1980 before the magistrate.

On October 1, 1980, Faulkner filed a motion to dismiss the employees' complaint for failure to prosecute or comply with orders of the court, specifically alleging (1) that the plaintiffs had failed to pay the $421.62 copying reimbursement and (2) that the plaintiffs had not yet filed the proposed findings of fact and conclusions of law (ordered to be filed by August 20) nor exchanged prenumbered exhibits with the defendant (ordered to be exchanged by September 4).

The plaintiffs did file the proposed findings of fact and conclusions of law on October 2, 1980, shortly before the hearing on Faulkner's motion to dismiss and before trial was to commence. However, they had neither prenumbered nor exchanged exhibits (nor had the defendant exchanged its exhibits).

The magistrate recommended that the cause be dismissed without prejudice for the following reasons: 1) no depositions had been taken by the plaintiffs, 2) no discovery had been made, 3) the plaintiffs' first pretrial order was filed six days late, 4) no exhibits had been exchanged, 5) the plaintiffs' proposed findings of fact and conclusions of law was filed 43 days late, and 6) the plaintiffs had not paid Faulkner the duplicating bill of $421.62.

The magistrate further recommended *sua sponte* that the class should not be certified in this case because the plaintiffs had been dilatory and negligent in failing to move for class action certification and were unable financially to maintain a class action suit.

*Dismissal Under Rule 41(b)*

Rule 41(b) of the Federal Rules of Civil Procedure permits a defendant to move for dismissal when the plaintiff fails to prosecute or to comply with a court order. This court in *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980) indicated the harshness of this sanction.

> Dismissal with prejudice, however, is an extreme sanction that deprives a litigant of the opportunity to pursue his claim. Although on an appeal from the imposition of such a sanction this court will confine its review to a determination of whether the district court abused its discretion, we have consistently held that dismissal with prejudice is warranted only where "*a clear record of delay or contumacious conduct by the plaintiff*" exists, *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967), and "a lesser sanction would not better serve the interests of justice," *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970). *See Silas v. Sears, Roe-*

> *buck & Co.*, 586 F.2d [382] at 385 [5th Cir. 1978]; *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 212 (5th Cir. 1976); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976), *cert. denied*, 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917, 920 (5th Cir. 1974); *Flaksa v. Little River Marine Construction Co.*, 389 F.2d [885] at 888 [5th Cir. 1968].

610 F.2d at 247 (emphasis added).

■ Where further litigation on the claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used. *Gray v. Fidelity Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981); *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976); *Pond v. Braniff Airlines, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972).

Conversely, the cited decisions indicate, a more lenient standard of review is applicable when the exercise of the discretion to dismiss a suit dilatorily prosecuted will not result in further litigation being time-barred. Faulkner argues that this more lenient standard should be applied here. Faulkner points out that, although further litigation on the Title VII claim is time-barred as a result of the dismissal, the plaintiffs' section 1981 claim, to which a different limitation period applies, will not be time-barred until October, 1982.

In this regard, they point out that the same racially discriminatory employment practice will justify approximately the same recovery and remedies, whether the suit is brought under section 1981 (affording all persons regardless of race the right "to make and enforce contracts" and "the full and equal benefits of all laws and proceedings for the security of persons and property") or under Title VII (providing remedies for employment discrimination based not only on race and color, but also on religion, sex, or national origin). *Johnson v. Railway Express Agency*, 421 U.S. 454, 459–60, 95 S.Ct. 1716, 1719–20, 44 L.Ed.2d 295 (1975). With regard to discriminatory employment practice, "in major part, their

remedies are, in fact, similar." Schlei and Grossman, Employment Discrimination Law 639 (1976).

Nevertheless, as *Johnson* noted, 421 U.S. at 461, 95 S.Ct. at 1721, "the remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct, and independent." In rejecting an argument that an erroneous dismissal of a Title VII claim would be harmless error because the same facts alleged supported the dismissal of a section 1981 claim with which it was joined, we noted some differences, some of which afford a more favorable remedy in a Title VII suit and some of which permit recovery under Title VII that would not be permitted on identical facts under section 1981. *Crawford v. Western Electric Company*, 614 F.2d 1300, 1309 (5th Cir. 1980). Most pertinently to issues raised by the present litigation, for instance, Title VII does "not require a showing of discriminatory *motive*" and may permit proof of discrimination through "disparate *impact* on a protected group of a neutral practice", whereas section 1981 "requires a showing of discriminatory intent" in any employment practice alleged to be discriminatory or to have discriminatory impact. *Id.* See also Schlei and Grossman, *supra*, 141–42 (1979 Supp.)

█ We are therefore unable to accept Faulkner's contention that the district judge's discretion to dismiss under Rule 41(b) for failure to prosecute should be reviewed on a less stringent standard than would apply if the dismissal without prejudice did not have the effect of time-barring further litigation. The plaintiffs will be permanently barred from pursuing valuable features of their Title VII claim if the district court's 41(b) dismissal is upheld. We are unwilling to hold that this circuit's

rule of stringently reviewing dismissals of the client's claim due to delinquency in prosecution by their counsel should be relaxed because the client is still left with a lesser remedy and one upon which, under certain facts, he is unlikely to recover.

As earlier summarized, in instances where the claim is dismissed with prejudice or will be time-barred as the result of the dismissal, "[o]ur circuit permits dismissal for failure to prosecute only in cases of intentional misconduct." *Caldwell v. Martin Marietta Corp.*, 632 F.2d 1184, 1189 (5th Cir. 1980). The procedural history of the case should be examined in weighing the "power of the trial court to achieve the orderly and expeditious disposition of cases against the policy of law favoring disposition of litigation on the merits." *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

Dismissal under Rule 41(b) "should be used sparingly and only when less drastic alternatives have been explored." *Id.*, 570 F.2d at 544. There is no indication in the record that the district court or magistrate considered any alternative sanctions to expedite the proceedings.[1]

█ Based on the standards set forth, we find that the dismissal was inappropriate and should be reversed. First, the district court should have considered a lesser sanction before resorting to dismissal. *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981); *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970). Second, the conduct of the plaintiffs' attorney in failing to timely file the pretrial order (6 days late) and the proposed findings of fact (43 days late), while a negligent approach to the litigation, was not willful contempt and the plaintiffs themselves appear to be innocent parties.

---

1. On several occasions we have noted lesser sanctions (including, but not limited to a fine) which might be imposed by the district courts. *See Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 n.3 (5th Cir. 1978); *cf. Woodham v. American Cystoscope Co. of Pelham, N. Y.*, 335 F.2d 551, 557 n.13, n.14, n.15 (5th Cir. 1964) (citations to sanctions imposed on erring attorney and use of conditional order of dismissal). *See also*, Comment, Dismissal for Failure to Attend a Pretrial Conference and the Uses of Sanctions at Pretrial Stages, 72 Yale L.J. 819 (1963).

*Pond v. Braniff Airlines, Inc., supra,* 453 F.2d at 349.

The plaintiffs' attorney indicated to the magistrate at the October 2 hearing that the failure to exchange documents resulted from his belief that the defendant already possessed the documents included on the pretrial order; the defendant itself explained its own failure to exchange its intended exhibits on the same basis. The failure to conduct discovery, which would itself be an additional expense, was explained by the plaintiffs' counsel as owing to the fact that applicable information had been gathered in connection with a previous case. In any event, whatever effect the failure to conduct pretrial discovery might have had on successful conduct of the trial (or on determining whether to certify the plaintiffs as adequate representatives of the class), on the basis of the present remedy we are unable to say on the record before us that counsel's discovery or nondiscovery tactics could justify a dismissal for want of prosecution; and we note that the defendant itself only took one discovery deposition. The plaintiffs claimed a financial hardship for their failure to reimburse Faulkner for the documents copied by the commercial printer—and that the defendant had refused to permit the plaintiffs the less expensive method of copying through a noncommercial source—again, in the absence of a court order so requiring, we are unable to say that the plaintiffs' failure to reimburse the defendant (per a private agreement) could by itself justify dismissal of the suit, whatever it might indicate as to the plaintiffs' suitability as class representatives.

The plaintiffs' attorney's 43 day delay in filing the proposed facts and conclusions of law is, of course, inexcusable.

We thus recognize that the plaintiffs' counsel exhibited a negligent and dilatory attitude in at least some respects, and he was certainly inexcusably delinquent in his belated filing just noted. Nevertheless, this court has consistently held "that a dismissal under Fed.R.Civ.P. 41(b) for failure to comply with an order of the district court is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[2] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978). Under the present facts, we cannot find the requisite "clear record" of intentional delay or willful misconduct by the plaintiffs' counsel. Under the circumstances shown, therefore, this circuit's jurisprudence indicates that a lesser sanction than dismissal was warranted, such as fine or discipline of the offending counsel. We therefore reverse the district court's order of dismissal.

*Class Action Certification*

The district court adopted the magistrate's report and recommendation denying class certification due to the plaintiffs' negligence in not moving for class action certi-

---

2. The court continues:

Compare *Boazman v. Economics Laboratory, Inc.,* 537 F.2d 210, 212 (5th Cir. 1976) (dismissal inappropriate although plaintiff did not comply with order to respond within 10 days to motion to dismiss); *Council of Federated Organizations v. Mize,* 339 F.2d 898 (5th Cir. 1964) (dismissal inappropriate although plaintiffs did not comply with order to appear in court personally), with *Hyler v. Reynolds Metal Co.,* 434 F.2d 1064 (5th Cir. 1970), *cert. denied,* 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689 (1971) (dismissal justified when counsel failed to amend complaint over nine-month period and failed to appear at pretrial hearing).

*Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978).

*Flaksa v. Little River Marine Const. Co.,* 5 Cir., 1968, 389 F.2d 885 (dismissal inappropriate where (1) proceeding was less than one year old when dismissed, (2) delay was not so long as to indicate a desire not to prosecute, (3) claim was neither vexatious nor fictitious, and (4) plaintiff was not responsible for counsel's dilatory conduct) with *Delta Theatres, Inc. v. Paramount Pictures, Inc.,* 5 Cir., 1968, 398 F.2d 323 (dismissal appropriate where proceeding was fourteen years old, with no action taken for about seven years) and *Salmon v. City of Stuart,* 5 Cir., 1952, 194 F.2d 1004 (dismissal appropriate where no action taken by plaintiffs for one year and three months).

*Silas v. Sears, Roebuck & Co., Inc.,* 586 F.2d 382, 386 n.4 (5th Cir. 1978).

fication for two years and due to their financial inability to maintain a class suit.[3]

The plaintiffs appeal the sua sponte action of the district court in denying certification.

■ The trial court has an independent obligation to decide whether an action was properly brought as a class action, even where neither party moves for a ruling on class certification. *Gore v. Turner*, 563 F.2d 159, 165 (5th Cir. 1977); *Rodriguez v. East Texas Motor Freight*, 505 F.2d 40, 50 (5th Cir. 1974), *rev'd on other grounds*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). While Rule 23(a)(4)[4] does not require that the case be prosecuted by the "best" plaintiff in the putative class, 7 Wright & Miller, § 1765 at 620 (1972), it does require the representative to be one who will "adequately protect the interests of the class."

■ The determination that a party would adequately protect the interests of the class is a question of fact that depends on the circumstances of each case. *Guerine v. J & W Inv., Inc.*, 544 F.2d 863, 864–65 (5th Cir. 1977). The discretion afforded the district court, within the criteria of Rule 23, is not to be disturbed on appeal absent an abuse thereof, at least when based upon facts educed at an evidentiary hearing. *Guerine v. J & W Inv., Inc., supra*, 544 F.2d at 864–85, *Boggs v. Alto Trailer Sales, Inc.*, 511 F.2d 114, 117 (5th Cir. 1975).

■ Although there was no evidentiary hearing, the district judge might properly take into consideration the circumstance that the plaintiffs' counsel did not move for certification during the two years the suit was pending. "[T]he named plaintiffs' failure to protect the interests of class mem-

bers by moving for certification surely bears strongly on the adequacy of the representation." *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977). Likewise, the district court may properly have taken into consideration the lack of competency displayed by the attorney for the proposed class in the complete absence of discovery effort on his part, over the two years the suit was pending, in order to prepare adequately for trial on behalf of the class.

We also note that the plaintiffs never sought an evidentiary hearing in the district court on their adequacy to represent the class, either by motion for a hearing or by motion to reconsider, *Camper v. Calumet Petrochemicals, Inc.*, 584 F.2d 70, 72 (5th Cir. 1978); nor does the record contain any objections to the magistrate's report recommending denial of certification. While ordinarily an evidentiary hearing might be required if a request were made or if there were doubt as to the propriety of the representation, a remand for such purposes is not required when the remand would be futile because the plaintiff is clearly not an appropriate class representative and did complain of the lack of an evidentiary hearing until after the appeal was taken. *Id.*, 584 F.2d at 71–72.

■ Financial ability alone should not, of course, be the determinative factor in class certification. *Roper v. Consurve, Inc.*, 578 F.2d 1106, 1112 n.4 (5th Cir. 1978), *aff'd on other grounds, Deposit Guaranty National Bank, Jackson, Miss. v. Roper*, 443 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). However, we have recognized that the costs

---

**3.** While the employees did not comply with Local Rule 18 of the United States District Court for the Southern District of Mississippi requiring a plaintiff to file a motion for class certification within 45 days after the answer is filed, a technical violation alone may not be sufficient to require denial of certification. *Gray v. Greyhound Lines, East*, 545 F.2d 169, 173 n.11 (D.C.Cir.1976); *Castro v. Beecher*, 459 F.2d 725, 731 (1st Cir. 1972); *Marquez v. Kiley*, 436 F.Supp. 100, 109 n.9 (S.D.N.Y.1977).

**4.** Rule 23. Class Actions.

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

involved in prosecuting a class action, such as the cost of notifying the class members, may require a showing that the plaintiffs can secure proper funding of their litigation. *Id.* at 1112; 7 Wright & Miller, § 1767 at 215 (Supp.1981).

■ On the record before us, and in light of the plaintiffs' continued insistence that they can not afford to pay even the $421.62 reimbursement for the documents copied by the defendants, we cannot say the district court abused its discretion in adopting the magistrate's recommendation to deny class certification. Consequently, we affirm the district court's adoption of this recommendation.

*Conclusion*

Based on the reasons stated above, we AFFIRM the denial of class certification; but we REVERSE the dismissal of their individual suit, and REMAND for further proceedings in accordance with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.