Anna B. LEWIS, For and on Behalf of her minor child, Anthony D. LEWIS, wage earner, Napolean Hall, Deceased, Plaintiffs-Appellants,

v.

Margaret M. HECKLER, As Secretary Department of Health and Human Services, Martha G. Hall, Defendants-Appellees.

No. 84–7505
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 4, 1985.

Gene M. Hambry, Jr., Sheffield, Ala., for plaintiffs-appellants.

Frank W. Donaldson, U.S. Atty., Mary P. Thornton, Asst. U.S. Atty., Birmingham, Ala., for Heckler.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant appeals a district court order that denied class certification and affirmed the Secretary of Health and Human Services' denial of appellant's claim for child's

insurance benefits under the Social Security Act.

## I. FACTS

On October 16, 1981, appellant Anna B. Lewis filed an application for child's insurance benefits under section 202(d) of the Social Security Act, 42 U.S.C. § 402(d), on behalf of her minor child, Anthony D. Lewis. She based the claim on the earnings record of Langford Napolean Hall, who had died ten years earlier and whom appellant claimed was the child's father. The application was denied administratively.

Appellant requested a *de novo* hearing before an administrative law judge. The ALJ ruled that appellant was not entitled to the benefits sought because Anthony Lewis was not the "child" of Mr. Hall within the meaning of section 216(e) of the Social Security Act, 42 U.S.C. § 416(e). The ALJ noted that 42 U.S.C. § 416(h)(2)(A) provides that "[i]n determining whether an applicant is the child ... of a[n] ... insured individual ..., the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual ... was domiciled at the time of his death ...." The ALJ determined that under the law of Alabama, which is the state where Mr. Hall was domiciled at the time of his death, an illegitimate child would be entitled to inherit personal property if, prior to the father's death, paternity was adjudged in a judicial proceeding. Since Mr. Hall had not been adjudged Anthony's father prior to his death, the ALJ denied appellant's application for benefits.

Appellant then brought suit, individually and as a purported class action, in the United States District Court for the Northern District of Alabama to obtain judicial review of the administrative decision. She claimed that the ALJ and the Department of Health and Human Services incorrectly stated the applicable Alabama intestacy law, and thus wrongly denied her claim. She also sought to maintain a class action "on behalf of all applicants for child's insurance benefits under ... 42 U.S.C. [§] 402(d), whose Applications, Requests for Reconsideration, Hearings on Appeals Council reviews have been denied solely because of the misapplication of the law of the State of Alabama as it applies to illegitimate children."

The district court held that appellant could not maintain the class action suit because the prerequisites of numerosity, commonality, typicality, and adequacy of representation had not been proven, even colorably. The district court also indicated that it may well lack jurisdiction over the purported class, since appellant did not show that every class member had exhausted his or her administrative remedies or sought judicial review in a timely fashion. In regard to appellant's individual claim, the court found that the Department of Health and Human Services had not correctly stated the applicable Alabama law. The court refused to remand the case to the agency, however, on the ground that the record clearly showed that under the law correctly stated Anthony Lewis was not the "child" of Mr. Hall within the meaning of the statute, and thus that substantial evidence in the record supported the Secretary's denial of benefits. The district court affirmed the Secretary's decision.

Appellant appeals the district court's decision to this court, challenging the district court's denial of class certification, and its affirmation of the agency's decision in her individual case. We affirm the district court decision.

## II. CLASS CERTIFICATION

Under Fed.R.Civ.P. 23(a), a party may bring a class action only if:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law of fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

■ A trial court has broad discretion in determining whether an action complies with the requirements of rule 23(a). *Freeman v. Motor Convoy, Inc.,* 700 F.2d 1339, 1347 (11th Cir.1983); *Perryman v. Johnson Products Co.,* 698 F.2d 1138, 1147 (11th Cir.1983). The district court found that appellant did not prove compliance with Rule 23(a), even colorably, and, in its opinion, the court gave specific examples of the ways in which appellant failed to meet her burden on this matter. Having carefully reviewed the record, we are confident that the trial court did not abuse its discretion in denying class certification to the appellant. That the court did not hold an evidentiary hearing on class certification is inconsequential, since it is clear that the requirements of Rule 23 are not met here. *See McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 559 (5th Cir.1981); *Camper v. Calumet Petrochemicals, Inc.,* 584 F.2d 70, 72 (5th Cir.1978).[1]

## III. INDIVIDUAL CLAIM

■ There appears to be a dispute among the Department of Health and Human Services, the appellant, and the district court as to the applicable Alabama intestacy law. According to the ALJ and the Department of Health and Human Services, the Alabama intestacy law that should be applied is that in effect at the time appellant filed her application for insurance benefits in 1981. According to that law, an illegitimate child could inherit if the father, before his death, is adjudged to be the father in a paternity proceeding. *Everage v. Gibson,* 372 So.2d 829 (Ala. 1979), *cert. denied,* 445 U.S. 931, 100 S.Ct. 1322, 63 L.Ed.2d 765 (1980). The district court determined that the Alabama law to be applied here does not require that paternity be proved before death. The court relied on *Handley v. Schweiker,* 697 F.2d 999 (11th Cir.1983), a 1983 decision in which this circuit held that the requirement of Alabama law that a paternity proceeding be maintained during the lifetime of the father was unconstitutional. According to the district court, *Handley* applied retroactively, and thus, the Alabama law applicable here provides that an illegitimate child may inherit if there is a judicial determination of paternity either before or after the father's death. Appellant asserts that yet another version of Alabama's intestacy law applies here. According to appellant, the current Alabama law, enacted in 1982, is the applicable law. Under that law, paternity may be established after a father's death by clear and convincing proof. Alabama Code § 43–8–48(2)(b) (1982).

We do not find it necessary to determine which of these versions of Alabama intestacy law should have been applied in this case, since it is clear that Anthony Lewis does not qualify for social security benefits under any of them. The evidence before the ALJ showed that paternity was not established in a judicial proceeding prior to Mr. Hall's death. Further, as the district court found, a reading of the record before the ALJ clearly shows an "insurmountable lack of proof of paternity." Thus, even if paternity could be proven after the father's death, appellant did not meet even the most lenient burden of proof. Therefore, there is substantial evidence in the record to support the Secretary's denial of benefits, no matter which standard is applied.[2]

AFFIRMED.

---

1. Having so decided the class certification issue, we need not address appellant's claim that the district court was wrong in suggesting that it lacked jurisdiction of the purported class.

2. Having so ruled, it is unnecessary for us to consider appellant's argument that denying child insurance benefits to Anthony Lewis "Deprive[s] Him Of Equal Protection Of The Laws Guaranteed To Him By The 'Due Process' Clause Of The Fifth Amendment Of The Constitution Of The United States By Invidiously Discriminating Against Illegitimate Children And/Or Among Illegitimate Children Applicants And/Or By Discriminating Against Negroes Based Upon Race." Appellant's argument here is based on her belief that the Department of Health and Human Services has misstated Alabama intestacy law and that if the correct law was applied, Anthony Lewis would be entitled to the benefits. As noted above, we find that even if appellant's version of Alabama law were applied, Anthony Lewis would not be entitled to child insurance benefits.