[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 17, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12660
Non-Argument Calendar

_____

D. C. Docket No. 04-01146-CV-JTC-1

NIGEL RENARD SANDERS,

Plaintiff-Appellant,

versus

JACKIE BARRETT,
VERONICA THOMAS,
MRS. CARSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 17, 2005)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Nigel Sanders, a prisoner proceeding *pro se*, appeals the dismissal, in part, of his 42 U.S.C. § 1983 civil complaint for failure to comply with an order of the court, and the 28 U.S.C. § 1915A(b) dismissal, in part, of defendant Fulton County Sheriff Jackie Barrett for failure to state a claim.

Sanders's § 1983 claim is based on allegations that two Fulton County jailers, Veronica Thomas and Mrs. Carson, used excessive force and denied him medical care while he was an inmate at Fulton County jail. After conducting a frivolity determination pursuant to § 1915A, the district court dismissed Barrett as a defendant, but determined that Sanders's claims should proceed against Thomas and Carson. The district court ordered Sanders to complete and return a USM 285 form, summons, and initial disclosures form for each defendant. Nearly five months later, the district court dismissed without prejudice Sanders's action for failure to comply with the court's order to return the required forms.

Sanders argues that the district court erred in dismissing his action for failure to comply with a court order. He states that he complied with the order by attempting to mail the required forms through the Georgia State Prison's indigent postage system, and he further contends that the district court should have notified him of his non-compliance prior to dismissing his action.

We review a dismissal without prejudice under Federal Rule of Civil

Procedure 41(b) for abuse of discretion.[1]  *Dynes v. Army Air Force Exch. Serv.,*

720 F.2d 1495, 1499 (11th Cir. 1983) (per curiam).  When a dismissal without

prejudice does not preclude further litigation, we review the dismissal using a more

lenient standard than if the dismissal had resulted in further litigation being time-

barred.[2]  *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir.

Unit A Oct. 1981); *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212-13 (5th Cir.

1976).[3]

The district court's "power to dismiss is an inherent aspect of its authority to

enforce its orders and ensure prompt disposition of lawsuits."  *Jones v. Graham*,

709 F.2d 1457, 1458 (11th Cir. 1983) (per curiam).  The court may dismiss an

action *sua sponte* under Rule 41(b) for failure to prosecute.  FED. R. CIV. P. 41(b);

*Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

---

[1]Although the district court's order cited Local Rule 41.2C, which permits dismissal without prejudice for failing to update an address or telephone number, it appears that the district court dismissed the complaint pursuant to either Fed. R. Civ. P. 41(b) or Local Rule 41.3A(2) for failure to comply with an order of the court since the district court's reasoning is based on appellant's failure to comply with the court order to return the USM 285 form, summons, and initial disclosures form.

[2]Sanders's earliest allegation is an assault that occurred on August 31, 2003.  Each state's tort action for recovery of damages for personal injury supplies the statute of limitations period for a § 1983 action.  *Wilson v. Garcia*, 471 U.S. 261 (1985).  In Georgia, that period is two years.  O.C.G.A. § 9-3-33.  The district court dismissed the complaint on April 8, 2005, within the applicable two-year statute of limitations.

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Failure to comply with local rules is also grounds for dismissal under Rule 41(b). *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993).

Here, Sanders was informed that failure to comply with the court's order could result in dismissal, and the district court explicitly stated that the dismissal was without prejudice. Although Sanders states that he complied with the court's order by completing the forms and attempting to send them through the Georgia State Prison's indigent postage system, there is no evidence that the forms were ever received by the district court. Furthermore, Sanders received a notice from the prison that the filing containing the forms exceeded the maximum weekly postage allowance for indigent prisoners' mail. He therefore had an opportunity to inquire into the status of his filing with the prison's mail room. Because the district court warned Sanders that failure to comply with the court's order could result in dismissal, and because the district court dismissed his complaint without prejudice before the expiration of the statute of limitations, we find no abuse of discretion in the dismissal.

Sanders next argues that the district court erred in dismissing former Fulton County Sheriff Barrett for failure to state a claim during a frivolity determination under § 1915A. We review a *sua sponte* dismissal for failure to state a claim under § 1915A(b)(1) *de novo*. *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1279 (11th

4

Cir. 2001) (per curiam).

Liability of supervisory officials under § 1983 cannot be predicated on vicarious liability or *respondeat superior*. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Supervisory officials can be liable if they personally participate in the alleged constitutional violation or where there is a "causal connection between actions of the supervising official and the alleged constitutional deprivation."[4] *Id*. (quoting *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)).

Sanders did not allege in his complaint that Barrett personally participated in his alleged deprivations, nor did he allege any causal connection between Barrett's actions and his alleged constitutional deprivation. For the first time on appeal, Sanders alleges new facts in an attempt to state a claim against Barrett under § 1983. "[A]ppellate courts generally will not consider an issue or theory that was

---

[4]

The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences. In addition, the causal connection may be established and supervisory liability imposed where the supervisor's improper custom or policy . . . result[s] in deliberate indifference to constitutional rights.

*Hartley*, 193 F.3d at 1269 (internal quotations and citations omitted).

not raised in the district court."[5]  *Narey v. Dean*, 32 F.3d 1521, 1526 (11th Cir. 1994) (internal quotation omitted).  Sanders could have amended his complaint before the district court dismissed his action against Barrett, but failed to do so. *See Brown v. Johnson*, 387 F.3d 1344, 1348-49 (11th Cir. 2004).  Therefore, the district court did not err in dismissing Sanders's action against Barrett.

Upon review of the district court record and Sanders's brief, we find no reversible error.  Because the district court did not err in dismissing appellant's § 1983 action or defendant Fulton County Sheriff Jackie Barrett, we affirm.

**AFFIRMED.**

---

[5]Although this Court recognizes five exceptions to this general rule, none apply in the instant case.  *See Narey*, 32 F.3d at 1526-27.