Edward M. WILLIAMS,
Plaintiff-Appellant,

v.

BROWN & ROOT, INC.,
Defendant-Appellee.

No. 87–2204
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 2, 1987.

Burney, Caggins & Hartsfield, Ray L. Shackelford, Houston, Tex., for plaintiff-appellant.

Before REAVLEY, RANDALL and JOLLY, Circuit Judges.

RANDALL, Circuit Judge:

Edward Williams challenges the district court's dismissal of his complaint for failure to prosecute. Rather than directly appealing the dismissal, however, Williams appeals the court's denial of his post-judgment motion to set aside the dismissal. Because we conclude that the court did not abuse its discretion by denying Williams' motion, we affirm.

## I.

Edwards M. Williams ("Williams") filed a complaint against Brown & Root, Inc. ("Brown & Root") on February 11, 1986, seeking damages for racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. On September 29, 1986, the district court dismissed Williams' complaint without prejudice for want of prosecution. The court's order of dismissal cited Rule 13(B), Local Rules of the United States District Court for the Southern District of Texas, which allows the court to summarily dismiss an action if a plaintiff fails to move for a default judgment after a defendant is in default for sixty days.[1] As additional authority, the order stated that the district court has inherent power to manage its affairs to achieve the expeditious disposition of cases, citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

On October 29, 1986, Williams filed a motion to set aside the dismissal. In his motion, Williams urged the court to withdraw the dismissal order because his failure to move for a default judgment was an inadvertent mistake by counsel. Williams asserted that because he did not deliberately neglect the prosecution of his case, dismissal was unwarranted. Williams did not advise the district court (as he has advised us) that the statute of limitations had run on his Title VII claim, thereby effectively converting the dismissal of that claim without prejudice into a dismissal with prejudice.

On December 17, 1986, the district court denied the motion on the ground that Williams' inadvertent failure to move for default did not constitute "good cause" and was therefore insufficient to merit rein-statement. The court relied by analogy on case law applying Federal Rule of Civil Procedure 4(j), which requires dismissal without prejudice for failure to serve a defendant within 120 days if a plaintiff cannot show good cause for lack of service. *See* Fed.R.Civ.P. 4(j). In the order denying reinstatement, the district court restated its earlier finding that Local Rule 13(B) authorized the dismissal and concluded that Williams failed to show sufficient excuse to warrant relief.

On January 26, 1987, Williams filed a motion to extend the time for filing a notice of appeal from January 17 to January 29. On February 25, 1987, the district court entered an order extending the time to appeal until March 1. Also on February 25, Williams filed notice with the district court appealing the September 29th and December 17th orders. In his appellate brief, Williams argues that the order dismissing his complaint constituted a Rule 41(b) involuntary dismissal for failure to prosecute; thus the judicial standards developed under that rule should apply. *See* Fed.R.Civ.P. 41(b). *See also Rogers v. Kroger Co.*, 669 F.2d 317 (5th Cir.1982). Brown & Root did not participate in this case, either before the district court or on appeal.

## II.

■ The initial issue for decision is the extent of our jurisdiction. An appellate court must examine the basis of its jurisdiction, on its own motion if necessary. *Benson v. Bearb*, 807 F.2d 1228, 1229 (5th Cir.1987). Rule 4(a), Federal Rules of Appellate Procedure, governs this appeal and provides a timeliness requirement which is a mandatory precondition to the exercise of appellate jurisdiction. *See In re MDL 262*, 799 F.2d 1076, 1078 (5th Cir.1986). In this case, only the order denying Williams' mo-

---

1. The local rule provides:

   B. *Motions for Default Judgment.* When a defendant has been duly served with summons and in due course fails to answer or otherwise appear, the plaintiff shall move for entry of an order of default and promptly thereafter, pursuant to Rule 55(b) Fed.R.Civ.P., make and notice a motion for default judgment, certifying thereon that a copy of such motion was mailed by certified mail, return receipt requested, to the defendant. When a defendant has been in default for a period of 60 days without the plaintiff's having moved for default judgment, the action may be summarily dismissed with prejudice.

   Local Rules of the United States District Court for the Southern District of Texas 13(B).

tion to set aside the dismissal of his complaint was timely appealed.

▮▮▮ Williams did not file a notice of appeal within thirty days after the dismissal of his complaint on September 29th.[2] Instead, he filed a motion to set aside the dismissal. We must consider Williams' motion a Rule 60(b) motion for relief from a judgment because it was not filed within ten days after entry of the judgment as required for a Rule 59(e) motion to alter or amend a judgment.[3] Because a Rule 60(b) motion does not toll the running of the thirty-day appeal period and Williams did not file a notice of appeal until approximately five months later, the order of dismissal is not properly before this court.[4]

▮▮▮ Williams did, however, file a timely appeal of the December 17th order denying his motion to set aside the dismissal.[5] Although notice of appeal was not filed within thirty days after the order, Williams obtained an extension of time from the district court and subsequently filed a notice of appeal within the extended time period as permitted by Rule 4(a)(5), Federal Rules of Appellate Procedure. As a result, we review the order denying Williams' Rule 60(b) motion.

### III.

The main issue before this court is whether the district judge properly denied Williams' motion to set aside the dismissal of his complaint. Before answering this question, we must first establish the appropriate standard of review.

▮▮▮ In addition to preventing review of the dismissal itself, Williams' conduct determines the applicable standard. We review a denial of Rule 60(b) relief under an abuse of discretion standard.[6] In *Seven Elves, Inc. v. Eskenazi*, we formulated the standard as follows: "It is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so *unwarranted* as to constitute an abuse of discretion." 635 F.2d 396, 402 (5th Cir. Unit A. Jan. 1981) (emphasis in original).

▮▮▮ On appeal, Williams argues that his Title VII claim is now time-barred, and if we uphold the dismissal, the claim is forever lost. Practically, the district court's action will effectively deny Williams his day in court on the Title VII claim. Accordingly, Williams urges us to review the dismissal as one with prejudice and apply involuntary dismissal standards in this case.[7] The involuntary dismissal standards consistently applied to dismissals with prejudice serve to limit the imposition of such harsh sanctions. We recently summarized the standards as follows:

> [W]e will affirm only if a "clear record of delay and contumacious conduct by the

---

**2.** A notice of appeal in a civil case such as this must be filed within thirty days after entry of the order being appealed. Fed.R.App.P. 4(a).

**3.** *See Eleby v. American Medical Systems, Inc.*, 795 F.2d 411, 412–13 (5th Cir.1986); *Harcon Barge Co. v. D. & G. Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir.1986) (en banc). *See also* Fed.R.Civ.P. 59(e), 60(b).

**4.** Although the district court later extended the time for Williams to file a notice of appeal, the extension was ineffective to cure Williams' untimely appeal of the dismissal. *See* Fed.R. App.P. 4(a)(5).

**5.** An order disposing of a Rule 60(b) motion is appealable. *Eleby*, 795 F.2d at 412.

**6.** *See Eleby*, 795 F.2d at 413; *Trinity Carton Co. v. Falstaff Brewing Corp.*, 816 F.2d 1066, 1070 (5th Cir.1987). We note that in *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 386–87 (5th Cir.1978), the court rejected the narrow scope of review normally applied in Rule 60(b) cases where the plaintiff filed his motion within the time for appealing the dismissal of his action. In *Silas*, the district court dismissed the complaint with prejudice after plaintiff's attorney failed to attend a pretrial conference. The appellate court reasoned that under the circumstances of that case, limited review was unnecessary because the plaintiff was not using a Rule 60(b) motion to circumvent appellate procedures. This case is distinguishable. In addition to factual differences, the rationale of *Silas* is inapplicable here. As we discuss below in greater detail, Williams asserts a different position on appeal than he presented to the district court and thus seeks to improve his position by appealing the denial of reinstatement after it is too late to appeal the dismissal.

**7.** Williams does not argue that his section 1981 claim is now time-barred. Accordingly, as to that claim, we assume that the dismissal is still without prejudice.

plaintiff" exists and "lesser sanctions would not serve the best interests of justice." Additionally, most courts affirming dismissals have found at least one of three aggravating factors: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.

*Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir.1986) (citations omitted).

We note that, although Williams presents no authority, case law supports his position. In *McGowan v. Faulkner Concrete Pipe Co.,* the court stated: "Where further litigation on the claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used." 659 F.2d 554, 556 (5th Cir. Unit A Oct. 1981). In *McGowan,* as in this case, the plaintiff asserted both Title VII and section 1981 claims, and the court rejected the argument that lesser standards should apply if a dismissal does not absolutely foreclose further litigation. Instead, the court held that when a claim will be time-barred by dismissal for failure to prosecute, the involuntary dismissal standards apply. *Id.* at 557.

In this case, the district court did not evaluate Williams' motion to set aside the dismissal under the involuntary dismissal standards. The district court's basis for denying the motion, as stated in the order, was Williams' unexcused violation of Local Rule 13(B).[8] Our research discloses no cases decided by this court interpreting this local rule or any similar local rules in other districts. As drafted, however, Local Rule 13(B) appears to authorize a dismissal with prejudice upon a plaintiff's mere failure to move for a default judgment. Without other evidence of delay and without the consideration of lesser sanctions, such an application of Local Rule 13(B) would not meet the involuntary dismissal standards. *See, e.g., Ramsey v. Signal Delivery Service, Inc.,* 631 F.2d 1210, 1213–14 (5th Cir.

1980) (violation of a local rule requiring a response to all motions was insufficient alone to justify dismissal under involuntary dismissal standards).

Williams' argument is unavailing here, however, in the context of an appeal from the denial of his Rule 60(b) motion rather than from the dismissal itself. Williams' only justification for Rule 60(b) relief was the "inadvertent mistake" of his counsel. Williams apparently did not advise the district judge, who dismissed the case without prejudice, that the statute of limitations had run on his Title VII claim. Williams did not urge the district judge to review the dismissal as one with prejudice and to apply the involuntary dismissal standards; thus we cannot conclude that the district judge abused his discretion by failing to do so. The judge clearly viewed the dismissal as one without prejudice because he relied "by analogy" on authority involving such a dismissal, *Wei v. Hawaii,* 763 F.2d 370 (9th Cir.1985) (an attorney's inadvertent failure to calendar a deadline did not excuse a dismissal under Fed.R.Civ.P. 4(j)) (cited with approval in *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304 (5th Cir. 1985)).

Viewing the case in the manner it was presented to the district court, we refuse to hold that the district court's denial of relief was so unwarranted as to amount to an abuse of discretion. We are unwilling to say that an attorney's inadvertent failure to observe a procedural deadline constitutes sufficiently unique or unusual circumstances to merit relief from a dismissal without prejudice.[9]

### IV.

For the above reasons, the order denying Williams' motion to set aside the dismissal is affirmed.

AFFIRMED.

---

**8.** *See supra* note 1.

**9.** Williams also argues that the district court violated his right to due process by dismissing his complaint without prior notice and an op-

portunity to present reasons for his failure to prosecute the case. Since he did not make this argument to the district court, we do not consider it.