935 F.2d 1285
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Monroe BARNES, Petitioner-Appellant,
v.
WARDEN, AUGUSTA CORRECTIONAL CENTER, Respondent-Appellee.
 No. 89-6360.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 3, 1991.
Decided June 21, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-89-278-R)
 John C. Singleton, Singleton & Deeds, Warm Springs, Va., for appellant.
 Robert B. Condon, Assistant Attorney General, Richmond, Va., for appellee.
 W.D.Va.
 DISMISSED.
 Before WIDENER, MURNAGHAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 John M. Barnes filed a 28 U.S.C. Sec. 2254 petition challenging his state murder conviction. The district court dismissed the petition in an order dated August 31, 1989. Without filing a notice of appeal, Barnes, through counsel, filed a Fed.R.Civ.P. 60(b) motion for reconsideration on November 9, 1989. The district court denied the Rule 60(b) motion on November 16, and Barnes filed a notice of appeal on December 13, 1989. We dismiss the appeals of the district court's denials of Barnes's Sec. 2254 petition and the Rule 60(b) motion.
 
 
 2
 Barnes filed his appeal of the denial of his Sec. 2254 petition outside the 30-day appeal period in Fed.R.App.P. 4(a)(1), and outside the 30-day extension period provided by Fed.R.App.P. 4(a)(5). These time periods are jurisdictional. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). Therefore, Barnes's failure to note a timely appeal or obtain an extension of the appeal period deprives this Court of jurisdiction to consider the denial of the Sec. 2254 petition.[1]
 
 
 3
 Regarding the denial of the Rule 60(b) motion, Barnes timely filed a notice of appeal. However, we review the denial of a Rule 60(b) motion for an abuse of discretion, see McLawhorn v. Daniel & Co., 924 F.2d 535 (4th Cir.1991), and find no such abuse here.
 
 
 4
 Accordingly, we deny a certificate of probable cause and dismiss this appeal.[2] We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 
 5
 DISMISSED.
 
 
 
 [1]
 Unlike a Rule 59 motion, a Rule 60(b) motion does not toll the appeal period. See Williams v. Brown & Root, Inc., 828 F.2d 325, 328 (5th Cir.1987)
 
 
 [2]
 We deny Barnes's motion for oral argument