# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 98-30146

---

BILLY COOK; BARRY KUPERMAN,

Plaintiffs-Appellees,

and

ALFRED GORHAM; EVA FAYE AGNELLY;
MICHAEL J. THOMPSON; CATHERINE THOMPSON,

Intervenors-Appellees,

versus

POWELL BUICK, INC.; HUB CITY FORD, INC.;
LOUISIANA AUTOMOBILE DEALERS ASSOCIATION,
WILLIAM WATSON, JR., doing business as Bill
Watson Ford, Inc., doing business as Bill Watson Nissan,
Incorporated,

Defendants-Appellees,

SPINATO CHRYSLER PLYMOUTH, INC.; MARSHALL
BROTHERS LINCOLN MERCURY INC.; LAMARQUE
FORD INC.,

Intervenors-Defendants-Appellees,

MOFFITT VOLKSWAGEN,

Appellee,

versus

HARRY T. COLE, III; MEDICAL HERITAGE, INC.,
LINDA MEANY; PRESSLEY A. KIBBE; SCOTT SIMMONS;
ELMO J. PITRE, III; DANIEL J. DAIGLE; LEO M. PRANGE, JR.,

---

Appeal from the United States District Court
for the Western District of Louisiana

---

October 5, 1998

Before POLITZ, Chief Judge, WIENER and DENNIS, Circuit Judges.

POLITZ, Chief Judge:

Harry T. Cole, III, Medical Heritage, Inc., Linda Meany, Pressley A. Kibbe, Scott Simmons, Elmo J. Pitre, III, Daniel J. Daigle, and Leo M. Prange, Jr. moved to intervene in this class action. The district court denied their motion. The proposed intervenors now appeal that denial and the final judgment approving a negotiated settlement agreement. For the reasons assigned, we dismiss the appeal as to the settlement agreement and affirm as to the denial of intervention.

## BACKGROUND

In 1994 Billy Cook and Barry Kuperman filed this action seeking certification of a plaintiff class of motor vehicle purchasers and a defendant class of dealers of new motor vehicles. The purchasers challenged the dealers' practice of charging the *ad valorem* tax owed on the vehicles. On March 11, 1996, the district court certified the plaintiff and defendant classes.

In October 1996, the parties agreed to mediation. Prior to the mediation the

plaintiff class had conducted exhaustive discovery, and the court had ruled on numerous motions, including motions to stay, to dismiss, to intervene, and for summary judgment. Settlement negotiations continued over several months, including five formal mediation sessions lasting a total of fourteen days. On June 16, 1997, the parties jointly moved for preliminary approval of a settlement agreement. On September 10, 1997, the court preliminarily approved the Settlement Agreement, approved the form and method of notice to the plaintiff class and proposed plaintiff settlement class,[1] and appointed a claims administrator, and set November 6, 1997 as the deadline for objection to the settlement or application for compensation. On October 7, 1997, counsel for the plaintiff class filed an application for attorneys' fees.

Over 937,000 settlement notices were mailed to Louisiana residents, and notice was published in 102 Louisiana newspapers, as well as in Stars and Stripes and USA Today. On November 6, 1997, the proposed intervenors filed objections and a notice of intention to appear at the scheduled fairness hearing.[2] On November 19, 1997, the proposed intervenors filed the motion to intervene at issue

---

[1] The plaintiff settlement class broadened the previously certified plaintiff class to include purchasers and lessees of used vehicles from new motor vehicle dealers.

[2] The proposed intervenors filed a petition to intervene on November 6, 1997 which was refused by the court as not in compliance with Local Rules.

herein.

At the fairness hearing on December 1, 1997, the proposed intervenors were represented by counsel. The court gave their counsel an opportunity to cross examine the witnesses, present witnesses, offer other evidence, and make arguments in support of the proposed intervenors' position. Counsel failed, however, to offer any evidence that challenged the fairness of the Settlement Agreement. The court expressed doubts about the proposed intervenors' intentions and whether their objections were made in good faith. After giving the proposed intervenors the opportunity to opt out of the settlement class, which they declined, the court denied the motion to intervene as untimely. The court ultimately concluded that the proposed settlement was fair, adequate, and reasonable. Written minutes of court issued subsequently, setting forth the court's rulings, including its denial of the motion to intervene. No appeal was taken at that time.

On January 15, 1998, the court issued a memorandum opinion setting forth written reasons to supplement its previous rulings. In support of its denial of the motion to intervene, the court found that the proposed intervenors' interests were adequately represented by the existing parties, that their objections were without merit, and that the motion to intervene was untimely. The court issued a final judgment on the same date, certifying the settlement class and approving the

Settlement Agreement, including the attorneys' fees provision. The proposed intervenors appeal this judgment.

## ANALYSIS

As noted, the proposed intervenors challenge not only the denial of their motion to intervene, but also the final judgment approving the Settlement Agreement. It is well-settled, however, that nonnamed class members of a certified class may not appeal the final judgment in a class action.[3] Because the proposed intervenors were denied leave to intervene and, thus, never obtained the status of party litigants in this suit, we must dismiss their appeal as to all issues except the denial of their motion to intervene.

The denial of a motion to intervene as of right is a final order appealable by nonnamed class members.[4] The named class members contend, however, that the proposed intervenors failed to designate the denial of the motion to intervene in their notice of appeal and further failed to obtain a Rule 58 separate document judgment, depriving this court of jurisdiction. We have held that where a party designates in the notice of appeal particular orders *only*, and *not* the final judgment,

---

[3] **Walker v. City of Mesquite**, 858 F.2d 1071 (5th Cir. 1988); **Edwards v. City of Houston**, 78 F.3d 983 (5th Cir. 1996) (en banc).

[4] **Id.**

we are without jurisdiction to hear challenges to other orders not specified.[5]

Although the proposed intervenors listed in their notice of appeal specific issues to be raised, they also designated the January 15, 1998 final judgment. In addition, the intervention issue was briefed by all the parties, evidencing it as an issue in this appeal.[6] "An appeal from a final judgment preserves all prior orders intertwined with the final judgment" and, thus, Rule 58 of the Federal Rules of Civil Procedure does not preclude review of the order denying intervention.[7] Accordingly, we have jurisdiction to review the denial of the motion to intervene.[8]

---

[5] **Trust Co. of Louisiana v. N.N.P. Inc.**, 104 F.3d 1478 (5th Cir. 1997).

[6] **New York Life Ins. Co. v. Deshotel**, 142 F.3d 873 (5th Cir. 1998).

[7] **Id.** at 884. Although the district court retained jurisdiction for the limited purpose of accepting the database to be used in calculating the face value of the settlement certificates, it did so without effecting the finality of its judgment.

[8] We note our concern over the review of an order denying a motion to intervene at the conclusion of the proceedings. Although a denial of a motion to intervene is immediately appealable, in this circuit a party may wait and appeal after a final judgment, as done here. In such instances, any settlement would be made contingent on the appeal's outcome and, if the intervenor prevailed on appeal, the entire matter might have to be relitigated. Further, the proposed intervenor will never be able to appeal in the underlying action unless the order denying intervention is first reversed. There are thus strong efficiency reasons to mandate an immediate appeal. **See Credit Francais Int'l v. Bio-Vita, Ltd.**, 78 F.3d 698 (1st Cir. 1996) (holding that an appeal from the denial of a motion to intervene must be taken within thirty days of the entry of the order, or not at all); **United States v. City of Milwaukee**, 144 F.3d 524 (7th Cir. 1998) (same). We would have imposed an immediate appeal requirement for the denial of a motion to intervene in this case, and joined our sister circuits in this regard, if we were not bound by our precedent's strict application of the Rule 58 separate document requirement, even to interlocutory rulings. **See Theriot v. A.S.W. Well Serv., Inc.**, 951 F.2d 84 (5th Cir. 1992) (holding that a minute entry does not constitute an

6

The proposed intervenors challenge only the denial of intervention as a matter of right. Such is reviewed *de novo*.[9] To intervene of right, "(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit."[10] The district court found that the motion to intervene was untimely, and that the proposed intervenors were adequately represented by the existing parties.

Turning to the latter requirement first, we find and conclude that the proposed intervenors are represented adequately by the existing parties. The burden of establishing inadequate representation is on the applicant for

appealable interlocutory decision for purposes of the Rule 58 separate document requirement). Under our current precedent, the district court's oral denial of the motion to intervene and subsequent written minutes do not satisfy Rule 58, a requirement not waived by the parties. **See Barnhardt Marine Ins., Inc. v. New England Int'l Sur. of America**, 961 F.2d 529 (5th Cir. 1992) (separate document requirement is not jurisdictional and may be waived). Given the unique nature of a motion to intervene, an exception to the Rule 58 requirement in such instances would be warranted. Pending rule change or en banc review, the district court may avoid this conundrum by entering a Rule 58 document when denying intervention.

[9] **Edwards**, 78 F.3d 983.

[10] **Id.** at 999.

intervention.[11]  Although the applicant's burden is minimal, "it cannot be treated as so minimal as to write the requirement completely out of the rule."[12]  When, as here, the parties seeking to intervene have the same ultimate objective as the parties to the suit, the existing parties are presumed to represent adequately the parties seeking to intervene unless those parties demonstrate adversity of interest, collusion, or nonfeasance.[13]

The proposed intervenors make several unpersuasive allegations of collusion in brief but offered no evidence at the fairness hearing that the plaintiff class representatives were operating in bad faith or were in any way not representative. In addition, the record contains no evidence that the plaintiff class representatives had any motivation or interest that was different from that of the proposed intervenors.  Although incorporated into the Settlement Agreement, the record reflects that the attorneys' fee amount was not agreed to until after the liability settlement had been reached, and there was no challenge of same at the fairness hearing.  In response to questions from the district court, counsel for the proposed intervenors conceded that the settlement was not arrived at by fraud or collusion.

---

[11] **Id.** at 1005.

[12] **Id.** (quoting **Cajun Elec. Power Co-op., Inc. v. Gulf States Utilities, Inc.**, 940 F.2d 117, 120 (5th Cir. 1991)).

[13] **Id.**

The record, particularly the testimony of the impartial mediator,[14] establishes that the plaintiff class representatives acted in good faith and for the best interests of the plaintiff class. Accordingly, we are persuaded beyond peradventure and now conclude that the proposed intervenors were adequately represented by the existing parties and class counsel.

Because the failure to meet an essential requirement precludes intervention of right, we need not review the district court's timeliness determination.[15] The district court's order denying intervention as of right is AFFIRMED and the appeal of the judgment approving the settlement agreement and setting attorneys' fees is DISMISSED.

The appellees' motion for sanctions against the appellants is DENIED. The appellants' motion to strike the motion for sanctions is DENIED AS MOOT.

---

[14] The mediator was indisputably exquisitely qualified, having served in seriatim on a federal district court, a federal circuit court of appeals, as Director of the Federal Bureau of Investigation, and as Director of the Central Intelligence Agency, the Honorable William H. Webster.

[15] **Edwards**, 78 F.3d at 999; **Sierra Club v. Espy**, 18 F.3d 1202 (5th Cir. 1994).