**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-30383
Summary Calendar

WILLIE KELLER,

Plaintiff-Appellant,

VERSUS

STATE OF LOUISIANA, through the Department of Transportation &
Development; STATE OF LOUISIANA, through the Department of State
Civil Service; GARY J. ANGELO,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana

(99-CV-1882-C)

November 19, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:*

    Willie Keller, Appellant, appeals the district court's grant
of summary judgment for Appellees, the State of Louisiana and Gary
J. Angelo, on his 42 U.S.C. §§ 1981 and 1983 claims alleging
deprivation of due process in contravention of the Fourteenth

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amendment to the U.S. Constitution. He also appeals the district court's denials of his Federal Rule of Civil Procedure (FRCP) 59(e) motion to alter or amend judgment and his FRCP 60(b) motion for relief from judgment. Keller alleges that the state's appointment of his supervisor, Angelo, to conduct his employment pre-termination hearing violated his procedural due process rights because Angelo was not an impartial adjudicator.

Under Federal Rule of Appellate Procedure 4(a)(1)(A) notice of appeal must be filed within 30 days of the judgment or order that is being appealed. FED. R. APP. P. 4(a)(1)(A). This requirement is a jurisdictional requirement, and cannot be waived. Silas v. Sears, Roebuck & Co., 586 F.2d 382, 386 (5th Cir. 1978). While a properly made Rule 59(e) motion tolls the 30 day appeal period until the district court rules upon that motion, Charles L.M. v. Northeast Independent School District, 884 F.2d 869, 869-70 (5th Cir. 1989), successive motions to reconsider do not toll the 30 day deadline, unless they raise new grounds for reconsideration not alleged in previous petitions. Nobby Lobby v. City of Dallas, 970 F.2d 82, 85 (5th Cir. 1992).

Here the district court ruled on Appellant's Rule 59(e) motion on February 25, 2002, leaving him until March 27, 2002 to file a timely notice of appeal. While Appellant filed a successive Rule 60(b) motion on March 11, 2002, this petition did not toll the 30 day period because it raised no new grounds for reconsideration. Thus, Appellant's notice of appeal, filed on April 11, 2002, was

not timely as to the district court's grant of summary judgment or denial of his Rule 59(e) motion.  We lack jurisdiction to consider those appeals, and they are DISMISSED.

We review Keller's appeal of the district court's denial of his Rule 60(b) motion for relief from judgment for abuse of discretion.  Williams v. Brown & Root, Inc., 828 F.2d 325, 328 (5th Cir. 1987).  To grant Appellant relief "[i]t is not enough that the granting of relief might have been permissible or even warranted– [rather,] denial must have been so unwarranted as to constitute an abuse of discretion."  Id.  Appellant has not shown that the district court abused its discretion in denying his Rule 60(b) motion.  Schaper v. Huntsville, 813 F.2d 709, 715, 716n.7 (5th Cir. 1987).  The district court's denial of Appellant's Rule 60(b) motion is AFFIRMED.

DISMISSED; AFFIRMED.