NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1436

VM TECH, INC.,

Plaintiff-Appellant,

v.

COMPAQ COMPUTER CORPORATION
and HEWLETT PACKARD COMPANY, INC.,

Defendants-Appellees.

_____

DECIDED:  April 7, 2005

_____

Before MICHEL, Chief Judge, MAYER and DYK, Circuit Judges.

MICHEL, Chief Judge.

VM Tech, Inc. ("VM Tech") sued Hewlett-Packard Co. and Compaq Computer Corp. (collectively, "HP") for patent infringement in separate actions that were later consolidated after the merger of the two companies.  The district court dismissed the consolidated action for failure to prosecute and denied VM Tech's post-judgment motions seeking to reinstate the case.  Because the district court did not abuse its discretion in denying VM Tech's motion under Federal Rule of Civil Procedure 60(b), we affirm.

# I

On September 3, 2002, at the same time the suits were consolidated, the district court stayed the actions due to the ill health of VM Tech's former counsel. More than one year later, on December 19, 2003, HP filed motions to reinstate the case and to dismiss for failure to prosecute. On January 12, 2004, the district court issued an order continuing the stay of the proceedings until February 23, 2004, to allow VM Tech time to obtain new counsel. VM Tech neither obtained new counsel before, nor sought an extension of, the February 23 deadline.

Following VM Tech's failure to meet the February 23 deadline, HP filed renewed motions to reinstate and dismiss the case for want of prosecution. The district court granted the motion to dismiss with prejudice on March 11, 2004. On March 18, 2004, VM Tech filed a motion under Federal Rule of Civil Procedure 59(e) to set aside the dismissal order. The district court denied VM Tech's Rule 59(e) motion on April 12, 2004, in a one-sentence order. VM Tech filed a motion on April 23, 2004, under Federal Rule of Civil Procedure 60(b) for "reconsideration" of the Rule 59(e) order. The district court denied the Rule 60(b) motion in another one-sentence order on May 11, 2004.

VM Tech then filed a notice of appeal to this court. Before this case was assigned to panel, HP moved to dismiss the appeal as untimely. The motion was denied, but our jurisdiction was held to be limited to review of only the district court's Rule 60(b) order because any appeal of the dismissal order or the Rule 59(e) order was untimely.

**II**

We apply the law of the United States Court of Appeals for the Fifth Circuit in reviewing the district court's Rule 60(b) order because it involves procedural matters unrelated to patent law. Lans v. Digital Equip. Corp., 252 F.3d 1320, 1326, 1329 (Fed. Cir. 2001); Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d 1378, 1381 (Fed. Cir. 2002). In the Fifth Circuit, the standard of review for an order denying a Rule 60(b) motion is abuse of discretion. Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 997 (5th Cir. 2001).

Despite our order limiting this appeal to the district court's Rule 60(b) order, VM Tech argues that our review of the Rule 60(b) order effectively extends to review of the dismissal order and the Rule 59(e) order as well because the Rule 60(b) order asked for reconsideration of the earlier orders. We disagree. In Williams v. Brown & Root, Inc., the Fifth Circuit affirmed the denial of a Rule 60(b) motion, despite noting that the district court had erred in the legal standard it applied, because the Rule 60(b) motion had not raised the error later challenged before the appellate court. 828 F.2d 325 (5th Cir. 1987). "Viewing the case in the manner it was presented to the district court," the Williams court "refuse[d] to hold that the district court's denial of relief was so unwarranted as to amount to an abuse of discretion." Id. at 329. Accordingly, our review of the Rule 60(b) order does not effectively extend to the other orders, because only the issues raised in the Rule 60(b) motion have been preserved on appeal.

Another problem with confusing our review of the Rule 60(b) order with indirect review of the other orders is that the broad discretion afforded a district court in deciding Rule 60(b) motions would be unduly limited. For example, whereas in most situations

"[a] district court abuses its discretion if it bases its decision on an erroneous view of the law," Kennedy v. Texas Utils., 179 F.3d 258, 265 (5th Cir. 1999) (internal quotation omitted), a reversal of a Rule 60(b) denial is appropriate only if the legal error was "facially obvious." Alvestad v. Monsanto Co., 671 F.2d 908, 913 (5th Cir. 1982); see also Chick Kam Choo v. Exxon Corp., 699 F.2d 693, 695 (5th Cir. 1983) (refusing to reverse a district court's Rule 60(b) denial because the case did "not present rulings so obviously incorrect as to constitute a fundamentally misconceived ruling").

VM Tech contends that Silas v. Sears, Roebuck & Co., 586 F.2d 382 (5th Cir. 1978), holds that the district court's discretion under Rule 60(b) is narrower if the party's motion is filed within the time to file an appeal. But even assuming that this is correct, we see no error.

VM Tech's primary argument on appeal is that we must reverse the district court's denial of the Rule 60(b) motion because the district court "utilized the wrong procedural standard" in granting HP's motion to dismiss under Rule 41(b) for failure to prosecute. Reversal on this ground is unwarranted, however, because VM Tech's Rule 60(b) motion did not raise a legal challenge to the district court's dismissal order and Rule 59(e) order. In its Rule 60(b) motion, VM Tech did not claim a legal error nor cite a single case. Instead, VM Tech claimed in paragraph 1 that "the factual basis" of the court's decision was incorrect. Thus, there is no basis to reverse the district court on the grounds of a legal error because no legal challenge was made.

VM Tech's appellate briefs appear also to address the factual arguments it made in the Rule 60(b) motion. In that motion, VM Tech argued that the district court made a

"mistake," Fed. R. Civ. P. 60(b)(1), in applying the facts to Rule 41(b). In the Fifth Circuit,

> [w]e will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. Additionally, in most cases where this Court has affirmed dismissals with prejudice, we found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.

Berry v. Cigna/RSI-Cigna, 975 F.2d 1188, 1191 (5th Cir. 1992) (internal quotation, citations, alteration, and footnote omitted).

In the Rule 60(b) motion, VM Tech offered three reasons why the dismissal order and judgment was mistaken. VM Tech first contended that "with all the facts considered, plaintiff's counsel can safely state that new, competent counsel could not have been obtained any sooner, and that the efforts to obtain new competent counsel did in fact proceed as diligently as possible from a time shortly prior to the Court's initial order until the entry of appearance by The Matthews Firm." This argument relies on the underlying premise that the only delay attributable to VM Tech was its failure to meet the district court's deadline for substituting counsel. We note that VM Tech also argued in its Rule 60(b) motion, but has not argued on appeal, that the failure to meet the court's deadline was attributable largely to HP's "conscious plan" of employing all local patent firms so that the firms could not represent clients in suits against HP due to a conflict of interest.

HP countered in its opposition to VM Tech's Rule 60(b) motion and continues to argue on appeal that the district court was not required to ignore the other instances of

delay in this case and that the combination of all delays constitutes a clear record of delay. We agree. At the beginning stages of the litigation, HP successfully moved to compel discovery due to VM Tech's failure to comply with discovery requests. The failure to cooperate in timely discovery unnecessarily delays litigation.

Moreover, the amount of delay attributable to VM Tech properly includes the majority of the time during which the case was stayed. VM Tech emphasizes the language of the district court's September 3, 2002, stay order, which reads in pertinent part:

> Civil Action No. H-01-2164 is stayed indefinitely pending a motion for reinstatement by Plaintiff once Plaintiff's counsel's health permits him to represent his client on a regular basis, Plaintiff's counsel associates with other counsel who can pursue the matter, or Plaintiff obtains other counsel.

VM Tech argues here that the district court's use of the phrase "stayed indefinitely" means that none of the time during which the case was stayed can be counted in the "clear record of delay" analysis. We find this argument unpersuasive because the order expressly contemplates that VM Tech will actively consider other options for prosecuting its case, including obtaining new counsel. Additionally, the order emphasizes the impetus on VM Tech to prosecute its case by requiring VM Tech to move for reinstatement. VM Tech did not, however, file the motion. Instead, HP was forced by the circumstances to bring the motion itself after waiting for more than a year. Accordingly, the amount of delay attributable to VM Tech in this case is sufficient to constitute a clear record of delay.

In its Rule 60(b) motion, VM Tech next emphasized the ill-health of its former counsel. This argument appears to be an attempt to negate the first aggravating factor

described in Berry, which is "delay caused by the plaintiff himself and not his attorney." 975 F.2d at 1191 (alteration omitted). A portion of the delay in this case should be attributed to the illness of VM Tech's former counsel and was caused by neither VM Tech nor its former counsel. But the majority of the delay resulted from VM Tech's failure to obtain new counsel or otherwise prosecute the case. Although it is disputed whether VM Tech knew of the severity of its former counsel's illness before the litigation began, the district court's stay of the litigation due to the ill-health of its former counsel demonstrates that, at the very latest, VM Tech was apprised of the probable need to obtain new or additional counsel by September 2002. Thus, VM Tech's failure to resume prosecution of its case shortly thereafter is attributable to VM Tech.

Finally, VM Tech argued in its Rule 60(b) motion that it "is a very small, close corporation, situated solely in Florida, with no Texas contacts other than undersigned counsel, and no means to evaluate the competence of other Texas attorneys." This argument appears not to have been raised on appeal and is unpersuasive, in any event, because the small size and distant location of VM Tech does not reward it with a less demanding standard under the Federal Rules for prosecuting its case.

Accordingly, we affirm because VM Tech has not demonstrated that the district court's denial of VM Tech's Rule 60(b) motion was an abuse of the district court's discretion under that rule.