United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30669

ROGER CUROL,

Plaintiff - Appellant,

versus

ENERGY RESOURCES TECHNOLOGY INC; ET AL,

Defendants

AOP INDUSTRIES INC,

Defendant - Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
Case No. 2:03-CV-3126

Before JONES, Chief Judge, and SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Roger Curol appeals the district court's order vacating a previous order that granted him leave to file an amended complaint, the denial of his motion for reconsideration, and the denial of his reservation of rights against AOP Industries, Inc. ("AOP"). Because the district court did not abuse its discretion, we AFFIRM.

## I.  BACKGROUND

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Curol sued Energy Resources Technology, Inc. ("ERT") in November 2003 after he was injured on an oil-field platform by a ball valve in an oil pump. The complaint alleged that his injury was caused by an "AOP two piece ball valve." In September 2004, six months after the expiration of the deadline for filing amended pleadings in the scheduling order, the district court granted Curol's unopposed ex parte motion to file an amended complaint adding AOP as a defendant.

The district court vacated its September order and dismissed AOP as a party in November 2004, stating that "plaintiff has failed to establish good cause for failing to comply with this Court's scheduling order." The court denied Curol's motion for reconsideration in April 2005, and dismissed the action against ERT without prejudice based on the parties' impending settlement. In its April order dismissing the case, the court stated that the dismissal was without prejudice "to the right, upon good cause shown, to reopen the action . . . if settlement is not consummated within a reasonable time. The Court retains jurisdiction for all purposes, including enforcing the settlement agreement entered into by the parties."

In May 2005, Curol and ERT filed a joint motion to dismiss all claims with prejudice and with a reservation of rights against AOP. In its June 1 order, the court granted the joint motion to dismiss, but denied Curol's reservation of rights against AOP, noting that "AOP never became a party to this action and

2

plaintiff has no right to proceed against AOP in this action." The court entered a final judgment on June 16, 2005. On June 23, 2005, Curol filed his notice of appeal of the November 2004, April 2005, and June 2005 orders.

## II. DISCUSSION

AOP argues that this court lacks jurisdiction over the appeal because Curol did not file his notice of appeal until June 23, 2005, more than thirty days after the April order from which Curol appeals. See FED. R. APP. P. 4(a)(1)(A). AOP contends that the April order was a final, appealable order because it "dismissed all claims as to all remaining parties, subject to a right to re-open the case, for good cause shown, if settlement was not concluded within a reasonable time." Curol responds that the April order conditioned dismissal upon settlement, allowing him a reasonable time in which to file his notice of appeal.

We have jurisdiction to hear appeals only from final decisions of the district courts. 28 U.S.C. § 1291; Marshall v. Kansas City S. R.R. Co., 378 F.3d 495, 499 (5th Cir. 2004). "This 'final judgment rule' creates appellate jurisdiction only after a decision that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Id. (internal quotation marks omitted); see also Kelly v. Moore, 376 F.3d 481, 483 (5th Cir. 2004). The district court must decide all claims and issues before it, and the "intention of the judge is crucial in

3

determining finality." McLaughlin v. Miss. Power Co., 376 F.3d 344, 350 (5th Cir. 2004).

The April order was not a final, appealable order because it conditioned dismissal upon settlement within a reasonable time, and the district court had not decided all issues before it. The district court "did not evince an intent to end the litigation by its [April] order," id. at 351, because it conditioned dismissal upon settlement, retaining jurisdiction over the case for a reasonable time. Since a "reasonable time" is not self-executing, the district court retained jurisdiction over the case, and the litigation continued after the April order.

Accordingly, the time for filing a notice of appeal did not begin until after the district court issued its final judgment on June 16. Thus, Curol's June 23 notice of appeal was timely, and we have jurisdiction over the appeal. See, e.g., Williams v. Brown & Root, Inc., 828 F.2d 325, 327-28 (5th Cir. 1987). Jurisdiction over the appeal includes our ability to review the court's orders leading up to final judgment. Cook v. Powell Buick, Inc., 155 F.3d 758, 761 (5th Cir. 1998); Exxon Corp. v. St. Paul Fire & Marine Ins. Co., 129 F.3d 781, 784 (5th Cir. 1997). We now turn to the merits of Curol's appeal.

First, Curol contends that the district court erred in vacating the September order that allowed him to amend his complaint to add AOP as a party. The district court did not abuse its discretion in vacating its previous order because Curol did not

4

have good cause to modify the scheduling order. See S & W Enter., L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003); see also FED. R. CIV. P. 16(b). Curol cannot show good cause to modify the scheduling order because he was obviously aware of AOP's role as a potential defendant when he stated in the original complaint that his injury was caused by an "AOP two piece ball valve."

Second, Curol argues that the district court erred in denying his motion for reconsideration; however, he has failed to show that the "denial was so unwarranted as to constitute an abuse of discretion." Brown & Root, 828 F.2d at 328.

Third, Curol contends that the district court erred in denying his request to reserve rights against AOP. The district court did not abuse its discretion because AOP never became a party to the action, and Curol had no right to proceed against AOP in the case.

**AFFIRMED**.